Dear Mr. Barbor:
This office is in receipt of your request for an opinion of the Attorney General in regard to collecting costs for persons adjudicated a delinquent and placed in custody of the Department of Public Safety and Corrections. You indicate that in many instances such a person may still be in custody upon reaching the age of eighteen inasmuch as state law allows for custody by the Department up to the age of twenty-one. Accordingly, you ask whether the Department can continue to require parents or legal guardians to contribute to the costs of the care and treatment of persons in custody as provided in R.S. 15:910 and 15:1086 after they reach the age of eighteen.
 These statutes provide as follows:
 R.S. 15:910 Juvenile offenders; collection of parental support payments for cost of care
 A. When the Department of Public Safety and Corrections provides for care and treatment of a child assigned to a secure juvenile institution under the provisions of this Part, the parent or legal guardian for the juvenile offender shall be required to provide support for the cost of such care and treatment in a manner consistent with applicable federal and state regulations, and commensurate with ability to pay, in accordance with a sliding scale established by R.S. 9:315 through 9:315.15. Regulations established by the department to compute the parent's financial responsibility shall take into consideration other children living in the home. In assessing the amount of support, the department shall insure that the support payment does not exceed the cost to the department nor shall the cost basis include costs exclusively associated to confinement such as, but not necessarily limited to, security.
 B. At the time the juvenile offender is assigned to the secure institution, the department shall notify the parent or legal guardian of his responsibility to provide support and shall bill him on a periodic basis, but no less than quarterly, for the amount due. The department shall make every reasonable effort to notify the person liable for support under the provisions of this Section as soon as possible after placement of the juvenile. Notice or receipt of notice shall not be a condition of liability.
 C. Payments shall be made to the department and shall be deposited in the state treasury.
 D. In the event of default, the department shall exercise all administrative and legal remedies provided by law or regulation to enforce the provisions of this Section, including the imposition of reasonable administrative costs, costs of court, and attorney fees. It is permissible for the department to enter into an agreement with other public agencies or to contract with the private sector for collection of debts owed to the state under provisions of this Section.
 R.S. 15:1086 Contributions to cost of care by parent, custodian
 A. When the Department of Health and Human Resources or the Department of Public Safety and Corrections provides payments for care and treatment of a child under the provisions of this Part, the parent or legal custodian will be required to contribute to the cost of care of the child
in such a manner as is consistent with applicable federal and state regulations, as is commensurate with his ability to pay, and as is in accordance with a sliding scale which shall be established by the departments.
 B. The department providing payment for the child shall notify the parent or legal custodian of his responsibility to contribute to the cost of care and shall bill him on a periodic basis, but no less than quarterly, for the amount due. The department shall make every reasonable effort to notify such person of his liability under this Section as soon as possible after placement of the juvenile; however, such notice or receipt thereof is not a condition for the imposition of liability for costs of care under this Section.
 C. Such payments shall be made directly to department providing payment for the child and shall be deposited in the state treasury.
 D. If a default occurs, the department providing payment for the child shall exercise all administrative and legal alternatives provided by law or regulation to enforce the provisions of this Section. This may include reasonable administrative costs, costs of court, and reasonable attorney fees. The department may enter into an agreement with other public agencies for collection of any debt owed to the state under provisions of this Section.
We note that throughout these provisions reference is made to care and treatment and responsibility for a child. The claim for contribution by the Department from the parent is obviously based upon the legal responsibility of a parent or guardian for a child as set forth in the preamble of the Children's Code in Article 101. It states in part that "parents have the responsibility for providing the basic necessities of life as well as love and affection to their children". It is noted thereunder that this reflects a long-standing public policy and is further set forth in C.C. Art. 227 which mandates the parents support, maintain and educate their children.
However, the courts in recognizing the legal duty of the parent to support his child, have also declared that "this continues until the child reaches the age of majority." Tuckerv. Robertson, 662 SO. 2d 826 (La.App 2 Cir. 1995). Under the definitions in the Children's Code, Article 603(5) provides that "child" means "a person under eighteen years of age who prior to juvenile proceedings, has not been judicially emancipated under Civil Code Article 385 or emancipated by marriage under Civil Code Articles 379 through 384", and Civil Code Article 29 sets forth that majority is attained upon reaching the age of eighteen years. Consistent with this R.S. 9:315.22 provides that the award for child support shall terminate automatically without any action by the obligor upon each child's attaining the age of majority, or upon emancipation. This termination of the obligation for support when the daughter reached eighteen was the basis for the court's ruling in State v. Jordan, 282 So.2d 223
(La. 1973) wherein the court ruled when the sanctions of the statute of criminal neglect cease to apply under the law, the secondary punitive measures of suspended sentence, probation and duty for support may no longer remain in effect, and further held the father was entitled to refund of support payments from the date that the State was put on notice by the rule to show cause.
Additionally, we find that Act 768 of 1972 amended and reenacted numerous statutes relative to minors to provide that eighteen years shall be the age of majority and that "any person who has attained the age of eighteen years shall have all of the rights and responsibilities which all persons who have attained the age of twenty-one now enjoy". However, it was provided therein that the Act would not affect the authority of the department of corrections to retain custody of any person between the age of eighteen and twenty-one who was committed to the custody of said department prior to reaching the age of eighteen. We do not believe that it was intended by recognizing the continuation of custody by the Department for those over eighteen until twenty-one would affect the responsibility and rights the Act conferred upon those reaching eighteen by becoming majors or affect the law which provides that the responsibility of the parents for support of a child would cease upon the child reaching eighteen.
We must conclude under the law and jurisprudence that the Department cannot continue to require parents or legal guardians to contribute to the cost of the care and treatment of persons in custody after they reach majority at the age of eighteen.
We hope this sufficiently answers your inquiry but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR